■ LIPINSKI BROTHERS HARDWARE, INC., Appellant, v TOYOTA MOTOR DISTRIBUTORS, INC., Defendant, and DORSCHEL TOYOTA, INC., Respondent. (Appeal No. 2.)—Order affirmed, with costs, for reasons stated in memorandum decision at Special Term, Galloway, J. All concur, Pine, J., not participating. (Appeal from order of Supreme Court, Monroe County, Galloway, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Schnepp, JJ.

■ RENFORD KERR et al., Appellants, v JOHN B. PIKE & SON, INC., et al., as Copartners Doing Business Under the Firm Name and Style of BELL-PIKE NORTHEAST PARTNERSHIP, Respondents. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Summary judgment was properly granted to defendant. The identity of plaintiff Renford Kerr's employer was an issue of fact determined by the Workers' Compensation Board by notice of decision designating the partnership as his employer, and plaintiff's recourse is to seek administrative review of the Board's determination (see, O'Rourke v Long, 41 NY2d 219). Alternatively, plaintiff Renford Kerr has accepted workers' compensation benefits, awarded to him after a hearing, and plaintiffs cannot collaterally attack that award in an action at law (see, Smith v State of New York, 91 AD2d 1181, affd 59 NY2d 718). (Appeal from order of Supreme Court, Monroe County, Finnerty, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Schnepp, JJ.