■ CONSTANCE KOIZUMI, Respondent, v MOUNT SINAI HOSPITAL, Appellant.—Order of the Supreme Court, Bronx County (Callahan, J.), entered on November 28, 1984, which denied defendant's motion to dismiss the complaint on the ground that a defense exists founded upon documentary evidence that plaintiff received workers' compensation benefits, and which

granted plaintiff's cross motion to compel discovery, unanimously reversed, on the law, without costs, and the complaint dismissed. Plaintiff's cross motion is denied as moot.

Plaintiff, a nurse injured on March 5, 1981 when she fell as she exited defendant's premises, commenced suit to recover damages for her injuries. Defendant subsequently moved to dismiss the complaint based upon evidence that plaintiff accepted workers' compensation benefits. In opposition to the motion, plaintiff claimed that she was a private duty nurse, not a hospital employee, and therefore no employer-employee relationship existed to warrant an application by defendant for workers' compensation benefits for the plaintiff.

We reverse based on two grounds consistent with the intent of the Workers' Compensation Law, viz., that the board's determination be an exclusive remedy and a conclusive decision. (Workers' Compensation Law §§ 11, 23.)

First, the plaintiff was awarded and accepted compensation benefits for more than 30 weeks. Inasmuch as plaintiff has received compensation for her injuries, she is foreclosed from obtaining relief additional to the benefits received under the workers' compensation program. *(See, O'Connor v Midiria,* 55 NY2d 538; *Werner v State of New York,* 53 NY2d 346, 352.)

Second, the Workers' Compensation Board has jurisdiction to determine the employment status of an individual relating to a particular incident. *(See, Liss v Trans Auto Sys.,* 109 AD2d 430, citing *O'Rourke v Long,* 41 NY2d 219.) The Compensation Board found that plaintiff was an employee of the defendant hospital and awarded benefits to plaintiff based on that determination. *Res judicata* applies to administrative decisions by agencies such as the Compensation Board when the agency acts "in a quasi-judicial capacity." *(Werner v State of New York, supra,* at p 353.) The parties are thus bound by the board's decision. Concur—Kupferman, J. P., Sullivan, Asch and Milonas, JJ.