■ EDWARD DANIELS et al., Respondents, v ZELCO, INC., Defendant, and ST. JOHNSBURY TRUCKING COMPANY, INC., et al., Appellants.—In an action to recover damages, *inter alia,* for personal injuries, etc., the defendants St. Johnsbury Trucking Company, Inc. and Sun Company, Inc. appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered February 3, 1989, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendants St. Johnsbury Trucking Company, Inc., and Sun Company, Inc., and the action against the remaining defendant is severed.

On December 17, 1985, the plaintiff Edward Daniels was injured while operating a tractor in the course of his employment. Thereafter the injured plaintiff and his wife Darlene Daniels commenced an action to recover damages, *inter alia,* for personal injuries as well as for his subsequent allegedly wrongful discharge against, *inter alia,* the defendants St. Johnsbury Trucking Company, Inc. (hereinafter St. Johnsbury) and Sun Company, Inc. (hereinafter Sun). The complaint alleged that either St. Johnsbury or Sun employed the injured plaintiff and owned the tractor. In their amended answer, St. Johnsbury admitted that it was the injured plaintiff's em-

ployer and the owner of the tractor, while Sun denied those allegations. In addition, the answer asserted the affirmative defense of the exclusivity of the Workers' Compensation Law. St. Johnsbury and Sun moved for summary judgment dismissing the complaint on the ground, *inter alia,* that the payment of workers' compensation benefits to the injured plaintiff by St. Johnsbury constituted his exclusive remedy. In a supporting affidavit, Sun's corporate secretary averred that Sun is a foreign holding company which owns the stock of Sun Carriers, Inc., which in turn owned St. Johnsbury at the time of the accident. By order entered February 3, 1989, the Supreme Court denied the motion without prejudice to renewal after pretrial discovery, citing "the complexity of the moving defendants' various claims, coupled with the possibility that there may be facts essential to oppose the motion within the defendants' knowledge". We disagree.

The plaintiffs' contention that further discovery was necessary to ascertain the identity of the injured plaintiff's employer is without merit. The Workers' Compensation Board determined that the injured plaintiff was employed by St. Johnsbury and therefore awarded him workers' compensation benefits. Inasmuch as the injured plaintiff has already accepted $73,865.87 in such benefits, he is foreclosed from obtaining additional relief from his employer upon a theory that the latter's negligence caused his injuries *(see, Koizumi v Mount Sinai Hosp.,* 114 AD2d 337). Moreover, since "*[r]es judicata* applies to administrative decisions by agencies such as the Compensation Board when the agency acts in a 'quasi-judicial capacity' ", the Board's decision that the injured plaintiff was an employee of St. Johnsbury and its award of benefits based upon that determination, precludes the plaintiffs from relitigating that issue *(Koizumi v Mount Sinai Hosp., supra,* at 338).

Equally without merit is the plaintiffs' claim that they can avoid the exclusivity provisions of Workers' Compensation Law § 29 because St. Johnsbury allegedly committed an intentional tort in discharging the injured plaintiff. "[U]nder New York law * * * absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 305). Accordingly, summary judgment in favor of the appellants on the intentional tort cause of action was appropriate.

The plaintiffs' breach of contract claim must also fail. While

the collective bargaining agreement between St. Johnsbury and the injured plaintiff's union provides that an employee may be discharged only for "just cause", it also mandates that "[w]here a dispute concerns a matter of discharge the Employer and the Union shall submit the matter to final and binding arbitration". Although the arbitration process between St. Johnsbury and the injured plaintiff had apparently been adjourned, St. Johnsbury's vice-president, James Hood, averred that it remains "ready, willing, and able to participate in the final and binding arbitration required by the aforesaid collective bargaining agreement". Since the express terms of the collective bargaining agreement are binding upon St. Johnsbury and the injured plaintiff *(see, Murphy v American Home Prods. Corp., supra,* at 305), no cause of action lies for breach of an implied employment contract and the injured plaintiff must resolve his wrongful discharge claim through arbitration. We note that the United States Supreme Court has stated that "if the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by [a collective bargaining agreement] have not been exhausted" *(Vaca v Sipes,* 386 US 171, 184). Thus, the appellants are also entitled to summary judgment on the plaintiffs' breach of contract claim.

In view of the fact that St. Johnsbury, upon which Sun's alleged liability is based, cannot itself be held liable to the plaintiffs, the defendant Sun is also entitled to summary judgment dismissing the complaint as against it. Moreover, we note that the Court of Appeals has held that the imposition of liability upon a parent for the acts of its subsidiary "can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary" *(Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163).

Darlene Daniels' claim for loss of society must also fail. "Where * * * the husband's cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife's cause of action for consortium" *(Millington v Southeastern Elevator Co.,* 22 NY2d 498, 508). Since Darlene Daniels' claim is derivative of her husband's meritless causes of action, she cannot recover against the appellants.

We have reviewed the plaintiffs' remaining contentions and

find them to be without merit. Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.