■ Margaret Calhoun, as Executrix of Donald Sterling, Deceased, Respondent, v Big Apple Wrecking Corporation,

Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant Big Apple Wrecking Corporation appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), entered April 27, 1988, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted dismissing the complaint insofar as it is asserted against the defendant Big Apple Wrecking Corporation, and the action against the remaining defendant is severed.

Following an injury to the plaintiff's decedent at a construction site, the Workers' Compensation Board determined that the injury was causally related to the decedent's employment with the defendant Big Apple Wrecking Corp. (hereinafter Big Apple). The decedent's hospital expenses were eventually covered by workers' compensation. Thereafter, this negligence action was commenced against, *inter alia,* Big Apple. Because the workers' compensation Board determined that the decedent was entitled to workers' compensation benefits, and because those benefits were awarded, we find that summary judgment should have been granted and the complaint dismissed as against Big Apple.

It is fundamental that workers' compensation benefits are an employee's exclusive remedy when the employee is injured by the wrong of another in the same employ (Workers' Compensation Law § 29 [6]; § 2 [7]; § 11; *see also, O'Connor v Midiria,* 55 NY2d 538; *Koizumi v Mount Sinai Hosp.,* 114 AD2d 337). Thus, "[i]f the right to sue the employer has been stripped away by [workers'] compensation coverage, it is an arrogation of jurisdiction to consider a tort complaint on its merits" *(O'Rourke v Long,* 41 NY2d 219, 221). Further, determinations by the Workers' Compensation Board as to all questions of fact, including those regarding the employer-employee relationship, are final *(see,* Workers' Compensation Law §§ 20, 23; *O'Rourke v Long, supra; Kerr v Pike & Son,* 112 AD2d 21). Such findings are final not only because of provisions in the Workers' Compensation Law, but also due to "settled principles of *res judicata* which apply to administrative hearings and determinations when the agency involved is acting, as does the compensation board, in a quasi-judicial capacity" *(Werner v State of New York,* 53 NY2d 346, 353; *see also, Samba v Delligard,* 116 AD2d 563; *Koizumi v Mount*

*Sinai Hosp., supra).* Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.