■ FRANCINE M. ALLEN, as Administratrix of the Estate of

HERBERT W. ALLEN, JR., Deceased, Appellant, v COUNTY OF WESTCHESTER et al., Respondents, et al., Defendant.—In an action, *inter alia,* to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated January 26, 1989, which granted the respondents' motions to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs.

The facts underlying this appeal were set forth in former Justice Weinstein's opinion on the parties' prior appeal *(see, Allen v County of Westchester,* 109 AD2d 475), wherein it was determined that the plaintiff possessed no cause of action sounding in common law negligence for the injuries sustained by her husband as a result of his voluntary intoxication. On the instant motion the plaintiff has correctly conceded that none of her remaining causes of action are predicated upon a violation of the Dram Shop Act (General Obligations Law § 11-101; *see, e.g., Bongiorno v D.I.G.I., Inc.,* 138 AD2d 120) as liability attaches thereunder only for unlawful sales of alcohol. In this case, the plaintiff's decedent simply voluntarily over-indulged at a Christmas party at which he was a guest *(see, D'Amico v Christie,* 71 NY2d 76). Accordingly, since the plaintiff's decedent, had he survived, would possess no viable cause of action to recover for the injuries he sustained as a result of his voluntary intoxication, his estate now possesses no viable cause of action for wrongful death *(see,* EPTL 5-4.1; *Prink v Rockefeller Center,* 48 NY2d 309; *see also, McDaniel v Clarkstown Cent. School Dist. No. 1,* 110 AD2d 349; *cf., Tepper v Feldman,* 117 AD2d 595). Judgment was thus properly awarded to the defendants as a matter of law on this cause of action, as well as on the plaintiff's derivative claim for loss of consortium *(see, Siskind v Norris,* 152 AD2d 196, 198; *Young v Robertshaw Controls Co.,* 104 AD2d 84).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Miller, JJ., concur.