■ SELMA CHAMPAGNE, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendant State Farm Mutual Automobile Insurance Company is required to defend and indemnify the defendant John L. Homan, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roberto, Jr., J.), dated July 30, 1990, which denied her motion for summary judgment and granted the defendants' respective cross motions for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the cross motion of the defendant John L. Homan, and substituting therefor a provision denying that cross motion, and severing the action against him; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the defendant John L. Homan.

The instant lawsuit arose out of a motor vehicle accident on December 18, 1987, which rendered Samuel Champagne a paraplegic. At the time of the accident, Mr. Champagne was a pedestrian who was allegedly struck by a vehicle owned and operated by the defendant John L. Homan. The appellant Selma Champagne joined with her husband as plaintiffs in a personal injury action against Mr. Homan in Supreme Court, Nassau County. Samuel Champagne alleged a cause of action to recover damages for personal injuries. A separate cause of action to recover damages for loss of consortium was brought on behalf of Selma Champagne.

On December 7, 1988, Samuel Champagne executed a general release and stipulation of discontinuance after State Farm Mutual Automobile Insurance Company (hereinafter State Farm), Homan's insurer, paid him $100,000, the policy limit for "per person" bodily injury. The plaintiff Selma Champagne was not a party to the release or stipulation. In December 1989 she commenced the instant action against Homan and his insurer, State Farm, seeking a declaration that State Farm was obligated to defend and indemnify Homan in her suit. Thereafter, she moved for summary judg-

ment. Both defendants cross-moved for summary judgment. The Supreme Court, Nassau County (Roberto, Jr., J.), relying on our decision in *Daniels v Zelco, Inc.* (159 AD2d 538), granted summary judgment to the defendants. We now modify because the Supreme Court misapplied our holding in *Daniels v Zelco, Inc. (supra).*

In *Daniels* this court held that the husband's claim for tort damages was barred by the exclusive remedy provided under the Workers' Compensation Law. Since the husband's cause of action to recover damages for personal injuries was not viable, the wife's derivative claim was likewise barred. Quoting from the Court of Appeals in *Millington v Southeastern El. Co.* (22 NY2d 498, 508), this court stated: " 'Where * * * the husband's cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife's cause of action for consortium' " *(Daniels v Zelco, Inc., supra,* at 540).

*Daniels v Zelco, Inc. (supra)* follows the well-established line of cases holding that a cause of action to recover damages for loss of consortium cannot be interposed where the underlying cause of action is meritless *(see, Liff v Schildkrout,* 49 NY2d 622; *Allen v County of Westchester,* 172 AD2d 471; *Wittrock v Maimonides Med. Ctr.-Maimonides Hosp.,* 119 AD2d 748). It does not stand for the broader proposition urged by State Farm herein, and adopted by the Supreme Court, that settlement of Samuel Champagne's cause of action to recover damages for personal injuries in this case bars further prosecution of his wife's cause of action to recover damages for loss of consortium. Such an interpretation takes the quoted language from *Millington v Southeastern El. Co. (supra),* out of context.

In *Millington v Southeastern El. Co. (supra),* the Court of Appeals changed New York law by announcing for the first time that damages may be recovered by a woman for loss of her husband's consortium. The court addressed arguments by the defendants that retrospective application of this rule would cause serious practical difficulties, noting that the problems would be easily resolved by simply allowing joinder of the wife's loss of consortium cause of action with the husband's pending action. However, the court barred retrospective interposition of consortium claims where the husband's claim has been terminated by judgment, settlement, or otherwise *(Millington v Southeastern El. Co., supra,* at 508). Here, the consortium cause of action was interposed together with the husband's cause of action and is not barred by the

settlement under the rationale expressed by the Court of Appeals in *Millington.* In addition, there has been no adjudication that the husband's cause of action was without merit and accordingly, the case at bar is factually distinguishable from *Daniels v Zelco, Inc. (supra).*

Although viewed as derivative, and not cognizable unless the defendant is liable to the injured spouse, a loss of consortium cause of action constitutes a separate and distinct cause of action personal to the deprived spouse *(see, Siskind v Norris,* 152 AD2d 196, 198; *Centelles v New York City Health & Hosps. Corp.,* 84 AD2d 826). Since the appellant Selma Champagne was not a party to the release signed by her injured husband, her cause of action to recover damages for loss of consortium remains viable despite the settlement *(see, Siskind v Norris, supra).* Accordingly, the Supreme Court erred in granting summary judgment in favor of the defendant Homan. This does not mean, however, that State Farm must indemnify and defend Homan.

Under the terms of its policy with Homan, State Farm's duty to defend and indemnify ceases when it has paid the full monetary limits set forth in the policy. Here, State Farm is obligated to pay up to $100,000 for "bodily injury" "per person" and up to $300,000 "per accident", regardless of the number of claimants. State Farm argues that the appellant's cause of action to recover damages for loss of consortium is derivative of the husband's "bodily injury" and that the $100,000 payment to her husband terminates its liability. The appellant argues that her loss of consortium cause of action is a separate "bodily injury", thereby entitling her to an additional $100,000 under the policy. We agree with State Farm.

Under settled New York law, derivative damages for loss of consortium and direct damages must be added together to determine the limit of liability for bodily injury sustained by one person *(see, Brustein v New Amsterdam Cas. Co.,* 255 NY 137; *Redcross v Aetna Cas. & Sur. Co.,* 146 AD2d 125). We find no basis for concluding that the appellant's injuries constitute a separate "bodily injury" under the rules for construing contract language. Since State Farm has already paid the $100,000 limit for bodily injury sustained by the appellant's husband, it has no further liability under the policy and is not obligated to defend or indemnify with respect to the loss of consortium cause of action *(see, Rankin v Travelers Ins. Co.,* 254 App Div 687). Accordingly, summary judgment in favor of State Farm was properly granted. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.