■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, as Assignee of SIMON GREENBAUM, Respondent, v EMPIRE INSURANCE COMPANY et al., Appellants. [633 NYS2d 339] —In an action pursuant to Insurance Law § 5106 (a) to recover the payment of a hospital no-fault billing, the defendants appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Nassau County (Levitt, J.), dated July 5, 1994, which, *inter alia,* awarded judgment to the plaintiff in the sum of $8,551.74.

■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, as Assignee of SIMON GREENBAUM, Appellant, v EMPIRE INSURANCE Co., Respondent. [633 NYS2d 340] —In an action pursuant to Insurance Law § 5106 (a) to recover the payment of a hospital no-fault billing, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated October 24, 1994, which, *inter alia,* granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff's assignor exhausted his $50,000 no-fault policy limits *(see, Presbyterian Hosp. v Empire Ins. Co.,* 220 AD2d 733 [decided herewith]). The plaintiff contends that the defendant insurance carrier's failure to deny the instant claim precluded

it from asserting the exhaustion of the policy limits as a defense. However, when, as here, a carrier "has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease" *(Presbyterian Hosp. v Liberty Mut. Ins. Co.,* 216 AD2d 448; *see also, Champagne v State Farm Mut. Auto. Ins. Co.,* 185 AD2d 835, 837). Further, "the failure to disclaim coverage does not create coverage which the policy was not written to provide" *(Zappone v Home Ins. Co.,* 55 NY2d 131, 134), "since that defense is never waived by a failure to assert it in a notice of disclaimer" *(Schiff Assocs. v Flack,* 51 NY2d 692, 700; *see, Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.,* 168 AD2d 121). Accordingly, the court properly granted the defendant's motion for summary judgment. Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.