MOORE ET AL. *v.* BAKER ET AL.

[Cite as Moore v. Baker (1970), 25 Ohio Misc. 140.]

(Nos. 38967 and 38968—Decided November 4, 1970.)

Common Pleas Court of Clermont County.

*Mr. Rex Ely,* for plaintiffs.
*Mr. Hugh C. Nichols* and *Mr. Robert B. Cash,* for defendants.

NICHOLS, J. This matter is before the court on a motion filed on behalf of the defendants to dismiss the proceedings on the grounds that there was no cause of action stated in the complaint and also another motion with reference to the joinder of the causes of action.

The complaint in both cases stated that the defendants, James Edward Baker and Clara E. Miller negligent-

ly drove and caused to be driven a motor vehicle against the defendant and sets out that it was their concurrent negligence that injured the plaintiffs. Under the new rules of civil procedure the court feels that this is a proper form of pleading in a negligence case, and the motion to dismiss will, therefore, be overruled.

The other motion is a claim that these two cases are cases that should be joined under the compulsory joinder provision of the rules of civil procedure, adopted by the Supreme Court and effective on July 1, 1970. The specific rule that is referred to is Rule 19.1, headed Compulsory Joinder, and paragraph (A) and subparagraphs 2 and 3. There has been no court interpretation of either of these particular sections as far as the court can understand. In order to clarify the situation the court will go into the facts claimed in the two petitions and attempt to give a judicial interpretation of the meaning of these two sections so far as it applies to this particular case.

In case No. 38967, Chester M. Moore brought suit against the three defendants setting out personal injuries to himself and expenses incurred in receiving medical attention and hospitalization.

Case No. 38968 is a case by Jenny Moore, who is the wife of Chester Moore and Guy Moore, a minor brought through his father, Chester M. Moore, as his next friend and also Chester M. Moore, individually. The same claim for negligence is adopted in this case, and is a claim for the personal injuries of Jenny Moore, in which she says she suffered pain and partial disability, loss of consortium. However, she cannot herself lose consortium. If she is claiming of the loss of consortium of her husband it must be alleged specifically, but that was not done. The minor Guy Moore has a claim for personal injuries, and the father has a claim for the medical expenses of both his wife and his son. There is no question that the father must unite with his son. This is under the provisions of paragraph 3 of Section (A) Rule 19.1 which reads: "Personal injuries or property damages to a minor and a claim of the parent or guardian of the minor for loss of services or ex-

penses or property damages if caused by the same wrongful act." So there is no dispute that that type of claim is one that requires compulsory joinder.

The other section is not too clear and the court will attempt to give judicial interpretation of it. Section 2, "Personal injuries or property damages to a husband or wife and a claim of the spouse for loss of services or expenses or property damages if caused by the same wrongful act." That also is one that is for compulsory joinder. A situation in which three people are injured in the same automobile accident, one the husband and father, and one the wife and mother, and third, the minor child, the court will hold that each of these parties may bring a separate lawsuit for their individual injuries. The husband will be in case number one, which is on personal injuries. In case number two, the wife for her own personal injuries, and case number three, the minor child, through his next friend for his own personal injuries. Any other person that has a claim for any type of damages resulting from the injury to that particular individual must adjoin in that particular suit. In other words, in the suit for damages by the husband, if the wife desires to put in a claim against those same defendants for loss of consortium she may do so but must do so in this particular suit or be barred from doing so thereafter. The same way in suit number two, where the wife brings suit for her damages, the husband, if he claims damages because of the injury to his wife, the damages could be the loss of consortium, any medical expenses that he is legally required to pay for his wife, then in that event if he makes such a claim he must do so in suit number two, the suit brought by his wife. Third, in the suit brought by the minor for his personal injuries, if where the father or mother has claim for medical expenses they are legally obligated to pay, or from the loss of services to the minor, they in turn must join in this particular lawsuit or be barred from later asserting that claim. This matter is on the question of compulsory joinder, and there is no reason why any of these three suits could not, if the person so desires, be joined in one particular action, but that is an

optional joining, and not compulsory, and in this particular case these parties saw fit to join the personal injury claim of the mother, Jenny Moore, and the personal injury claim of the minor, Guy Moore on one action, No. 38968. They did not have to do so, but if they did, Chester Moore, the father must in this suit, bring in his claim for damages resulting from their particular injuries such as medical expenses and other. He did not in the action, present any claim for loss of consortium of his wife, and of course, the term loss of consortium in the first cause of action is not well founded because a person cannot claim that she herself has lost consortium because of her own individual injury. If she wanted to claim that she must do that in case No. 38967.

The court has examined two decisions of the Ohio Supreme Court and while not actually 100% in point, they do have some bearing on this case. The court found citations for these cases in the Ohio Civil Rules of Practice with forms, by John W. McCormick on page 67, paragraph 4.20 joinder of claims of husband and wife, and on page 69 4.21 joinder of claims of parent and child, both of the cases referred to were cited in that volume. The first is the case of *Whitehead* v. *General Telephone Co.*, 20 Ohio St. 2d 108, which in effect says that a parent may recover for his expenses of injury to the child as that is a derivative action and seemingly holds that even though they have separate cases and separate and possibly conflicting verdicts. The court feels, however, that this is changed by Rule 19.1, paragraph (A) .03 the case of *Closson* v. *Renlinger Oldsmobile-Cadillac*, 22 Ohio St. 2d 65, in the recent April 27 issue Ohio Bar, states that a wife has the right for damages for loss of consortium where a person negligently injures her husband. The court feels that the reading of paragraph two in respect to this would read the compulsory joinder of personal injuries to a husband and the claim of his spouse for his loss of services and that is the rule of this court, and I feel that it is a logical interpretation of this section.

Summing it up it means that all claims for damages

144

resulting from a specific injury to one individual must be joined and all persons who claim damages because of the injury to that particular person must join in that particular lawsuit or be barred. The statement that the parties would be barred if they do not join is somewhat broader than the rules require, but I feel that is proper. There is nothing in this decision, however, that would indicate that these cases cannot be joined voluntarily by the plaintiffs, or certainly nothing in this case to state that if the court feels proper, these two cases or in case three separate suits are filed, the three suits could not be consolidated by the court and set for trial at the same time.

Parties objecting to the ruling of this court may take exceptions in the entry. The motion for compulsory joinder will be overruled.