■ BRENDA YOUNG, an Infant, by Her Guardian Ad Litem, VERA L. THOMAS, Appellant, v ST. JOSEPH's HOSPITAL et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff in her com-

plaint alleges: that Brenda Young is an infant under 14 years of age and the daughter of Ardeen Young; that she was born on September 11, 1967 while her mother was under the care of the defendant physicians and the employees of the defendant hospital; that during the period of Ardeen Young's labor and the birth of Brenda Young, the defendants so negligently treated Ardeen Young that Ardeen Young suffered a cardio-respiratory arrest, resulting in severe cerebral anoxia which caused permanent brain degeneration. The infant seeks damages from defendants for the deprivation of her mother's guidance, love and support, occasioned by defendants' tortious injury of her mother. The supporting papers indicate that Ardeen Young has been decerebrate since the date of Brenda's birth and is at the present time "substantially vegetating". Brenda's father has not commenced a derivative cause of action, and in 1970 he was sentenced to a 0–20-year term of imprisonment. Brenda lives with her grandparents. The malpractice action brought on behalf of Ardeen Young, by her committee, was settled in 1973 for $125,000. Special Term granted defendants' motions to dismiss the complaint and for summary judgment and denied plaintiff leave to amend the complaint. We do not reach the question of whether a minor child should have a derivative claim for losses occasioned by injury to its parent by a third-party tort-feasor. At the present time recovery is universally denied in all jurisdictions of the United States which have considered the question (see Injury to Parent—Action by Child, Ann 59 ALR2d 454, 455). We affirm Special Term's order because even if we were to hold that the infant had a derivative cause of action, such actions must be joined with the main action for personal injuries (*Millington v Southeastern Elevator Co.,* 22 NY2d 498, 508; see, also, McLaughlin, Supplementary Practice Commentaries, 1969 McKinney's Cons Laws of NY, Book 7B, CPLR 1001, pp 73-74). (Appeal from order of Wayne Supreme Court dismissing complaint in negligence action.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.