■ JOHN J. CAREY, JR., an Infant, by his Mother and Natural Guardian, DOROTHY CAREY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65852.)—Judgment unanimously affirmed, without costs, for reasons stated in the decision at Court of Claims, Lowery, J. (Appeal from judgment of Court of Claims, Lowery, J.—negligence.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.

■ ARTHUR GALLINA, Individually and as Parent and Natural Guardian of LOUIS GALLINA, an Infant Now Emancipated, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 61128-A.)—Judgment unanimously affirmed, with costs to claimant. Memorandum: Claimant son, a passenger in a motor vehicle, suffered serious injuries in an accident. He settled with the drivers and tried his claim against the State of New York. Since the State was found 50% responsible, the judgment against the State was for 50% of the total damages found (General Obligations Law § 15-108 [a]). Claimant father asserted a derivative claim for medical expenses and was awarded the full amount proven. The State argues on appeal that the derivative award should also be reduced by 50%, relying on *Merrill v State of New York* (110 Misc 2d 260, *affd* 89 AD2d 802). That reliance is misplaced. The reductions in *Merrill* were required because the injured spouse, through whom the claim was derived, was partly at fault *(see, Maidman v Stagg,* 82 AD2d 299), and because the uninjured spouse joined in the settlement with the driver. Here, no fault was attributed to the claimant son. Nor should the claimant father's derivative award be reduced under General Obligations Law § 15-108 (a) because of the son's settlement with the drivers. Here, the father did not join in the settlement and the release by the son did not effect a release of the father's claim. That claim never belonged to the son. He could not have released it *(see, Neeson v City of Troy,* 29 Hun 173; 46 NY Jur 2d, Domestic Relations, § 250, at 134; *see also, Injured party's release of tortfeasor as barring spouse's action for loss of consortium,* Ann., 29 ALR4th 1200). We find the amount and apportionment of damages supported by the record. (Appeals from judgment of Court of Claims, Quigley, J. —negligence.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.