■ Serena J. Clark, Appellant, v Dean Campbell, Individually and Doing Business as Dean Campbell Custom Homes, et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Brown, J.), entered April 26, 1990 in Saratoga County, which granted defendants' motions for summary judgment dismissing the complaint.

This action stems from an incident occurring in April 1987 when Howard Clark was injured in the course of certain logging operations being performed for defendants. As a result, Clark commenced two actions against defendants which were subsequently consolidated and set for trial in February 1990. Before trial commenced, however, Clark stipulated to a settlement of his claim in the amount of $665,000 and the settlement was placed on the record in open court. A stipulation of discontinuance was also executed by the attorneys for the various parties. Thereafter, plaintiff, Clark's wife, com-

menced this action against the same defendants named in her husband's suit, seeking damages for loss of consortium. Following joinder of issue, defendants moved for summary judgment on the ground that the prior settlement of Clark's action allegedly barred plaintiff's claim. Summary judgment was granted to defendants and this appeal by plaintiff followed.

We affirm. Supreme Court properly dismissed plaintiff's complaint because, in our view, her loss of consortium action could only be maintained if it were interposed in her husband's action for personal injury (see, Millington v Southeastern Elevator Co., 22 NY2d 498, 507-508; see also, Daniels v Zelco, Inc., 159 AD2d 538; Forte v Kaneka Am. Corp., 110 AD2d 81, 86; Young v St. Joseph's Hosp., 51 AD2d 869, 870; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C1001:4, at 371). Plaintiff has presented no special circumstances such as illness or disablement which would have explained her failure to prosecute her claim before her husband's action was settled. Accordingly, because policy reasons such as the interest of judicial economy and the potential for double recoveries dictate the dismissal of derivative claims brought for the first time after the main action has terminated (see, Millington v Southeastern Elevator Co., supra, at 501-502; Deems v Western Md. Ry. Co., 247 Md 95, 231 A2d 514; Ekalo v Constructive Serv. Corp., 46 NJ 82, 215 A2d 1), we must disagree with the contrary view apparently held by the First Department (see, Siskind v Norris, 152 AD2d 196, lv denied 76 NY2d 772).*

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.

---

* We note that plaintiff incorrectly cites the case of Neeson v City of Troy (29 Hun 173 [1883]) as a Third Department case purportedly binding on this court. Not only was Neeson decided long before Millington, but it is not in actuality a Third Department case as this court was not created until 1896 (see, L 1895, ch 376; 2 Chester, The Legal and Judicial History of New York, at 320-321).