### 2.

William G. Azar, William G. Azar, P.C., Anchorage, Alaska, for plaintiff.

Susan J. Lindquist, Asst. U.S. Atty., Anchorage, Alaska, for defendant.

**James LETASKY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. A91–509 Civ.**

United States District Court, D. Alaska.

Feb. 20, 1992.

### ORDER

(Motion to Dismiss)

HOLLAND, Chief Judge.

Defendant moves to dismiss plaintiff's complaint under Rule 12(b)(6), Federal Rules of Civil Procedure. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Plaintiff's wife, Jennifer Letasky, was injured on September 19, 1988, when a bus owned and operated by the defendant collided with the vehicle in which plaintiff's wife was traveling. Plaintiff and Jennifer Letasky were divorced on April 21, 1989. On March 26, 1990, the wife filed an administrative claim against defendant. On September 18, 1990, plaintiff filed an adminis-

trative claim against the defendant. On February 8, 1991, Jennifer Letasky settled with the government on the basis of her administrative claim. The court infers that plaintiff's administrative claim was denied. Suit against the defendant was brought in this court on October 21, 1991.

Defendant moves to dismiss on the theory that plaintiff cannot bring an action for loss of consortium unless that claim is joined with the spouse's injury claims. Defendant relies upon *Schreiner v. Fruit*, 519 P.2d 462, 466 (Alaska 1974). Defendant asserts that *Schreiner* makes joinder mandatory. In fact, the Alaska Supreme Court ruled on the foregoing question as follows:

> Except in special cases that render it impossible for the parties to bring suit together, joinder appears to be a practical and fair solution to the [problems which occur if loss of consortium causes of action are brought separately from the injured party's suit] and in our view is mandatory.

*Id.*

■ The court concludes that plaintiff is not entitled to bring a separate loss of consortium action based upon injuries to his wife unless he is able to establish that this is a "special" case wherein it is impossible for the claims to be brought together. The court concludes that plaintiff has made the necessary showing in this case.

■ The court entertains no doubt but that plaintiff and Jennifer Letasky would have been required to bring their Federal Tort Claims Act causes of action against defendant jointly, as required by Alaska law if neither had effected a settlement with the defendant. Here, however, Jennifer Letasky settled with the defendant. Having settled with the defendant, she no longer has a claim which may be joined with plaintiff's claim for loss of consortium. It is legally impossible for plaintiff to join with his ex-wife in bringing a joint claim for her injuries and his loss of consortium. The court concludes that this is a special case within the contemplation of the Alaska Supreme Court in *Schreiner.*

The foregoing result does the defendant no injustice. Defendant was on notice of plaintiff's claim well before it entered into a settlement of Jennifer Letasky's claim. Plainly the defendant could have insisted that the claims be administered jointly. For whatever reason, the defendant did not see fit to take that action. It settled with Jennifer Letasky knowing full well that it was at risk from a claim from plaintiff.

The motion to dismiss is DENIED.