[644 NYS2d 809]

DENNIS V. BUCKLEY, Appellant, v NATIONAL FREIGHT, INC., et al., Respondents.

Second Department, July 8, 1996

APPEARANCES OF COUNSEL

*Sichol & Hicks, P. C.,* Suffern *(William R. Sichol, Jr.,* of counsel), for appellant.

*Drake, Sommers, Loeb, Tarshis & Catania, P. C.,* Newburgh *(Stephen J. Gaba* of counsel), for respondents.

## OPINION OF THE COURT

THOMPSON, J.

On December 6, 1991, the plaintiff's wife, Dorothy Stapleton, was seriously injured when the vehicle she was driving was struck by a truck operated by Edward Alto and owned by National Freight, Inc. Thereafter, Mrs. Stapleton commenced a personal injury action against National Freight, Inc., and Alto in the Supreme Court, Orange County. The complaint did not include a cause of action seeking loss of consortium on behalf of her husband, the plaintiff Dennis Buckley, nor was the plaintiff named as a party in that action.

On December 23, 1993, Mrs. Stapleton executed a general release after the defendants agreed to settle the action for $1,854,700 plus periodic future payments. The release recites, among other things, that the settlement would be binding upon the plaintiff and "all parties represented by, or claiming through the plaintiff". On December 29, 1993, the attorneys for the various parties executed a stipulation discontinuing the action with prejudice.

In July 1994 the plaintiff commenced this action against the same defendants who had been named in his wife's action, seeking $5,000,000 in damages for loss of consortium. The defendants moved for summary judgment and the plaintiff cross-moved for partial summary judgment on the issue of liability. The defendants argued, *inter alia,* that since no cause of action to recover damages for loss of consortium had been asserted in the action commenced by the plaintiff's wife, and because that action had been settled, the plaintiff's subsequently instituted action to recover damages for loss of consortium was barred.

The Supreme Court granted the defendants' motion for summary judgment and dismissed the complaint. We affirm.

The question of whether a cause of action to recover damages for loss of consortium must be interposed with the personal injury action from which it derives has generated conflicting judicial opinions, both in this State *(compare, Siskind v Norris,* 152 AD2d 196, *with Clark v Campbell,* 167 AD2d

750; *Young v St. Joseph's Hosp.,* 51 AD2d 869, 870; *cf., Cody v Village of Lake George,* 177 AD2d 921), and throughout the country *(compare, Moore v Baker,* 25 Ohio Misc 140, 266 NE2d 593; *Nicholson v Hugh Chatham Mem. Hosp.,* 300 NC 295, 266 SE2d 818; *Schreiner v Fruit,* 519 P2d 462 [Alaska]; *Hopson v St. Mary's Hosp.,* 176 Conn 485, 408 A2d 260; *Brown v Metzger,* 104 Ill 2d 30, 470 NE2d 302; *Rosander v Copco Steel & Eng'g Co.,* 429 NE2d 990 [Ind]; *Madison v Colby,* 348 NW2d 202 [Iowa]; *Deems v Western Md. Ry. Co.,* 247 Md 95, 231 A2d 514; *Ekalo v Constructive Serv. Corp.,* 46 NJ 82, 215 A2d 1; *Huggins v Sea Ins. Co.,* 710 F Supp 243, 249, *with Rodriguez v Bethlehem Steel Corp.,* 12 Cal 3d 382, 525 P2d 669; *Kotsiris v Ling,* 451 SW2d 411 [Ky]; *Miller v Whittlesey,* 562 SW2d 904 [Tex], *affd* 572 SW2d 665; *Stapleton v Palmore,* 250 Ga 259, 297 SE2d 270; *Reid v Spadone Mach. Co.,* 119 NH 198, 400 A2d 54; *Huffer v Kozitza,* 361 NW2d 451 [Minn], *affd* 375 NW2d 480).

The courts that require joinder of the main and loss of consortium actions generally emphasize the derivative nature of the loss of consortium cause of action, considerations of judicial economy, and the possibility of overlapping damages awards *(e.g., Clark v Campbell, supra; Huggins v Sea Ins. Co., supra),* while those that do not require joinder point out that the action to recover damages for loss of consortium, though derivative in nature, is a separate cause of action personal to the deprived spouse which should be independently maintainable *(e.g., Siskind v Norris, supra; Haspil v Church of St. Cyril,* 128 Misc 2d 968). We are of the view that the more persuasive holdings are those which require the joinder of the spouse's loss consortium cause of action with the underlying claim for personal injuries.

It has been observed that the "consortium plaintiff * * * has suffered no direct injury of [his or] her own" *(Maidman v Stagg,* 82 AD2d 299, 305). Rather, the "right to recover is derived, both in a literal and legal sense, from the injury suffered by [a] spouse" *(Maidman v Stagg, supra,* at 305; *see also, Cody v Village of Lake George,* 177 AD2d 921, *supra).* Further, "[t]he consortium claim and the principal personal injury claim are closely interconnected; together they represent the total, compensable damages—direct and indirect—suffered as a result of the plaintiff's injury" *(Maidman v Stagg, supra,* at 305; *see also, Millington v Southeastern El. Co.,* 22 NY2d 498; *Champagne v State Farm Mut. Auto. Ins. Co.,* 185 AD2d 835; *cf., Daniels v Zelco, Inc.,* 159 AD2d 538).

Although we have held that a cause of action to recover damages for loss of consortium is "separate and distinct"

*(Champagne v State Farm Mut. Auto. Ins. Co., supra,* at 837) we have never characterized the loss of consortium cause of action as separate or "independent" in the sense that it can be instituted after the underlying action by the injured spouse has been terminated by judgment, settlement, or otherwise *(cf., Millington v Southeastern El. Co., supra,* at 508; *Champagne v State Farm Mut. Auto. Ins. Co., supra; Forte v Kaneka Am. Corp.,* 110 AD2d 81). Indeed, in *Maidman v Stagg (supra),* where we emphasized the intimate connection between the two causes of action, we rejected the notion that the loss of consortium cause of action was independent of the underlying personal injury cause of action, observing instead that, "[t]he New York courts have never recognized an 'independent' claim for consortium" (82 AD2d 299, 305, *supra; see also, Liff v Schildkrout,* 49 NY2d 622, 632; *Young v Robertshaw Controls Co.,* 104 AD2d 84, 88).

Additionally, sound policy reasons dictate that a party who intends to advance a cause of action for loss of consortium should not be permitted to stand by while his or her spouse prosecutes the personal injury action from which the loss of consortium cause of action derives and in which that cause of action can be fully litigated. To hold otherwise, would be to unnecessarily burden limited judicial resources, invite the possibility of sharp litigation practice *(cf., Siskind v Norris, supra)* and create the likelihood of overlapping damage awards *(see, Millington v Southeastern El. Co., supra; Clark v Campbell, supra;* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1001:4, at 371, 1996 Pocket Part, at 173).

In short, there is no persuasive reason why these two intimately related causes of action—which represent the "total, compensable damages" suffered as a result of the accident *(Maidman v Stagg, supra,* at 305)—should be prosecuted separately; certainly none outweighing the considerations mentioned above which strongly favor the interposition of both causes of action in a single proceeding *(Clark v Campbell, supra).* Since the plaintiff here did not bring his cause of action for loss of consortium until after his wife's action was terminated, his complaint was properly dismissed. Accordingly, the order appealed from is affirmed.

RITTER, J. P., HART and McGINITY, JJ., concur.

Ordered that the order is affirmed, with costs.