OPINION OF THE COURT
 

 Wesley, J.
 

 In this appeal, we are called upon to determine the effect of the settlement of a personal injury claim upon a claim for loss of consortium by the injured party’s spouse. We hold that an action for loss of consortium, which arises out of an injury to the marital relationship, should be joined with the main
 
 action by the
 
 impaired spouse whenever possible.
 
 [1]
 
 Because the loss of consortium claim in this case could have been commenced and joined with the impaired spouse’s claim prior to settlement, we hold that the impaired spouse’s release bars plaintiff from pursuing his loss of consortium claim.
 

 I.
 

 On December 6, 1991, plaintiff’s wife Dorothy Stapleton was seriously injured when the vehicle that she was driving was struck by a truck operated by defendant Edward Alto and
 
 *213
 
 owned by defendant National Freight, Inc. Stapleton commenced an action in her name alone against defendants and sought damages for, among other things, loss of household services.
 

 On December 23, 1993, her action was settled for $1,854,700 and periodic future payments. The accompanying Settlement Agreement and Release, which was prepared by defendants’ counsel, recited that it was binding on "all parties represented by or claiming through the plaintiff [Stapleton],” and that Stapleton represented and warranted "that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement Agreement.”
 

 In July 1994, plaintiff commenced an action against the same defendants for loss of consortium, seeking $5 million in damages. At that time, the Appellate Divisions were divided on the question of whether a release by the impaired spouse barred a cause of action for loss of consortium by the deprived spouse. The Third Department had held that the deprived spouse’s cause of action was barred by the release
 
 (Clark v Campbell,
 
 167 AD2d 750) while the First Department had reached a contrary result
 
 (Siskind v Norris,
 
 152 AD2d 196,
 
 Iv dismissed
 
 76 NY2d 772). The Second Department appeared to hold the same view as the Third Department (see,
 
 Forte v Kaneka Am. Corp.,
 
 110 AD2d 81, 86).
 

 Defendants moved for summary judgment dismissing plaintiff’s complaint as barred by the release signed by plaintiffs wife. Plaintiff cross-moved for partial summary judgment on liability, contending that defendants had conceded that their negligence caused his wife’s injuries. Plaintiff made no claim that he was in any way prevented from asserting his claim for loss of consortium prior to the settlement. Supreme Court granted defendants’ motion and denied plaintiffs cross motion. The Appellate Division, Second Department, affirmed, noting that to hold otherwise "would be to unnecessarily burden limited judicial resources, invite the possibility of sharp litigation practice
 
 (cf., Siskind v Norris,
 
 supra) and create the likelihood of overlapping damage awards [citations omitted]” (220 AD2d 155, 158). We now affirm.
 

 II.
 

 In 1889, in
 
 Bennett v Bennett
 
 (116 NY 584, 590), we recognized that a wife had a limited cause of action for loss of
 
 *214
 
 consortium (really a claim for alienation of affections), which, like that of her husband, arose out of the marriage relation. In
 
 Millington v Southeastern El. Co.
 
 (22 NY2d 498), we allowed wives to assert claims for loss of consortium that the common law had previously granted only to husbands
 
 (see, Kronenbitter v Washburn Wire Co.,
 
 4 NY2d 524). We overruled
 
 Kronenbitter,
 
 noting that the consortium interest to be protected did not rest on any "medieval theory” that one spouse was the chattel of the other, "but on the real injury done to the marital relationship”
 
 (Millington v Southeastern El. Co., supra,
 
 22 NY2d, at 504). Since
 
 Millington,
 
 we have reiterated our understanding that " '[consortium represents the marital partners’ interest in the continuance of the marital relationship as it existed at its inception’ ”
 
 (Anderson v Lilly & Co.,
 
 79 NY2d 797, 798).
 

 The defendants in
 
 Millington
 
 argued that allowing a wife to maintain an action for loss of consortium would present a danger of an overlapping recovery of damages. We held that, "if any plaintiff should attempt to exploit the possibility of double recovery by bringing separate actions, motions to consolidate would quickly resolve that difficulty”
 
 (Millington v Southeastern El. Co., supra,
 
 at 502). In response to the concern that there were practical difficulties in allowing a wife’s consortium action, especially with respect to retroactive application, we held:
 

 "Where there is a cause of action brought by the injured husband pending, the wife’s consortium action, if not time-barred, should be joined with her husband’s claim. Where, however, the husband’s cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife’s cause of action for consortium.” (22 NY2d, at 507-508.)
 

 We now must determine whether the quoted language from
 
 Millington
 
 was meant to apply only to causes of action that predated that holding (as plaintiff contends, and as the First Department held in
 
 Siskind v Norris, supra,
 
 152 AD2d, at 200;
 
 see also, Rodriguez v Bethlehem Steel Corp.,
 
 12 Cal 3d 382, 408, 115 Cal Rptr
 
 765, 782,
 
 525 P2d 669, 686), or whether a cause of action brought by an impaired spouse and terminated after
 
 Millington
 
 precludes a subsequent cause of action for loss of consortium by the deprived spouse.
 

 
 *215
 
 III.
 

 The Restatement (Second) of Torts § 693 (2) notes that, "[u]n-less it is not possible to do so, the action for loss of society and services is required to be joined with the action for illness or bodily harm, and recovery for loss of society and services is allowed only if the two actions are so joined.” A great many States take a position that is consistent with that of the Restatement.
 
 [2]
 
 Other State courts allow defendants the option of having the action for loss of consortium joined with the action for illness or bodily harm,
 
 [3]
 
 while still other States have statutes or rules granting defendants that option.
 
 [4]
 
 The highest courts in several States have held that joinder is desirable, but not required.
 
 [5]
 
 By contrast, however, only a few courts have held without qualification that joinder is not required.
 
 [6]
 

 As we recognized in
 
 Millington,
 
 the joint trial of the two causes of action minimizes the risk of overlapping recovery. The requirement of joinder is consistent with the view that a loss of consortium claim represents an injury to the marital relationship; thus, if both the impaired spouse and the deprived spouse intend to assert claims, those claims (particularly for loss of consortium) should be asserted in the same action when
 
 *216
 
 ever possible, so that the trial court can accurately assess the extent of any injury. As suggested by the Appellate Division, this approach also conserves judicial resources and tends to discourage sharp litigation practices. This view is consistent with the Restatement and with the majority of jurisdictions that have addressed the question. Thus, we see no reason to depart from the rule outlined in
 
 Millington,
 
 that a loss of consortium claim must be joined with a claim for illness or bodily harm whenever possible.
 

 IV.
 

 Plaintiff next contends that, even if his action should have been joined with his wife’s action while hers was pending, the settlement of her action prior to the commencement of his action does not bar his action. Other State courts that have required joinder have nevertheless allowed a plaintiff to assert a loss of consortium claim even after the plaintiff’s spouse has settled his or her main claim, on the theory that joinder of the two actions is no longer possible
 
 (see, Jones v Elliott, supra,
 
 551 A2d, at 65); that claimants and defendants in settlement negotiations should be left to protect themselves from duplication of damages
 
 (see, Huffer v Kozitza,
 
 375 NW2d 480, 482 [Minn];
 
 see also, Neely v Kossove,
 
 198 NJ Super 503, 505, 487 A2d 788, 789); or that the loss of consortium claim can be limited to compensation for injuries other than the loss of the spouse’s services, to avoid duplication of damages
 
 (see, Fitzgerald v Meissner & Hicks,
 
 38 Wis 2d 571, 581, 157 NW2d 595, 600). These theories are not persuasive.
 

 Comment
 
 g
 
 to section 693 (2) of the Restatement recognizes that joinder is impossible if the impaired spouse has settled and released the claim for bodily harm without the knowledge of the deprived spouse
 
 (see also, Rosander v Copco Steel & Eng’g Co., supra,
 
 429 NE2d, at 992). Nevertheless, the comment goes on to state:
 

 "[i]t is possible to join the actions * * * in all situations in which the deprived spouse has had full opportunity to join in the impaired spouse’s action and assert a claim and has failed to do so. Thus if the impaired spouse has begun an action for bodily harm, and then settled it and given a release, and the deprived spouse has stood by throughout with full knowledge of the conduct, it has been possible to join in the action at any time before it has
 
 *217
 
 become barred by the release, and the deprived spouse cannot now be permitted to maintain a separate action.”
 

 Plaintiff here "stood by throughout with full knowledge of’ his wife’s action. "Plaintiff has presented no special circumstances such as illness or disablement which would have explained [his] failure to prosecute [his] claim before [his wife’s] action was settled”
 
 (Clark v Campbell, supra,
 
 167 AD2d, at 751). Although it might be possible to instruct a jury so as to minimize the likelihood of overlapping damage awards, that likelihood could have been eliminated if the claims had been brought at the same time. Similarly, although the parties might have better protected themselves in settlement negotiations, our rule gives responsibility for ensuring that a potential consortium claim is addressed to the party best able to do so. Accordingly, when plaintiff’s wife released her claim, the release barred plaintiff’s claim for loss of consortium
 
 (see, Swartz v United States Steel Corp., supra,
 
 293 Ala, at 445-446, 304 So 2d, at 886-887;
 
 Schreiner v Fruit, supra,
 
 519 P2d, at 467;
 
 Hopson v St. Mary’s Hosp., supra,
 
 176 Conn, at 494, 496, 408 A2d, at 264, 265;
 
 Deems v Western Md. Ry. Co., supra,
 
 247 Md, at 115-116, 231 A2d, at 526). We need not determine whether a release would bar a loss of consortium claim that a defendant knew to be pending when it obtained the release from the impaired spouse
 
 (see, e.g., Letasky v United States,
 
 783 F Supp 451 [applying Alaska law];
 
 Manzitti v Amsler,
 
 379 Pa Super 454, 550 A2d 537,
 
 affd
 
 524 Pa 587, 574 A2d 601;
 
 Champagne v State Farm Mut. Auto. Ins. Co.,
 
 185 AD2d 835,
 
 Iv denied
 
 81 NY2d 704;
 
 Oldani v Lieberman,
 
 144 Mich App 642, 375 NW2d 778;
 
 Haspil v Church of St. Cyril,
 
 128 Misc 2d 968;
 
 see also, Brown v Metzger, supra,
 
 104 Ill 2d, at 39, 470 NE2d, at 306).
 

 V.
 

 Finally, plaintiff argues that, even if joinder of the claims is mandatory, it is defendants who bear the responsibility for the lack of joinder in this case, because they did not move to dismiss his wife’s claim for failure to join plaintiff as a necessary party under CPLR article 10. CPLR 1001 (a) provides that, "[pjersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.”
 

 Defendants were not required to seek to have plaintiff joined in his wife’s action so that complete relief could be ac
 
 *218
 
 corded between his wife and defendants; complete relief could be (and was) accorded her in her action. Similarly, defendants were not required to seek to join plaintiff in his wife’s action on the theory that he might be inequitably affected by a judgment in the action. Although our holding today undoubtedly affects plaintiff, the effect is not inequitable. Plaintiff and his counsel were, or should have been, aware that appellate courts of this State have held that joinder is compulsory such that settlement of the main action might bar the loss of consortium claim. The commentator to CPLR article 10 has described compulsory joinder as "an eminently sensible solution” in this situation (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1001:4, at 371), and has criticized the rule of permissiye joinder set forth in
 
 Siskind v Norris (supra)
 
 as "judicially inefficient” and encouraging "sharp practice” (McLaughlin, 1990 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1001:4, 1997 Pocket Part, at 180).
 

 The flaw in plaintiff’s argument is that his loss of consortium claim did not have to be joined unless he intended to assert it. His wife’s claim could stand or fall on its own, as could his claim for loss of consortium (if his wife had not intended to assert her claim). Defendants were not required to seek joinder of plaintiff in his wife’s action, in order to determine whether plaintiff intended to assert a claim for loss of consortium. If plaintiff intended to assert such a claim, it was his burden to do so before his wife’s claim was settled. Having failed to do so, he must bear the consequences.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . We will employ the terminology of the Restatement (Second) of Torts, which labels the physically injured spouse as the "impaired” spouse and the spouse with the loss of consortium claim as the "deprived” spouse.
 

 [2]
 

 . See, e.g., Schreiner v Fruit,
 
 519 P2d 462, 466 (Alaska);
 
 Hopson v St. Mary’s Hosp.,
 
 176 Conn 485, 494-495, 408 A2d 260, 264;
 
 Jones v Elliott,
 
 551 A2d 62, 65 (Del);
 
 Brown v Metzger,
 
 104 Ill 2d 30, 35, 470 NE2d 302, 304;
 
 Madison v Colby,
 
 348 NW2d 202, 209 (Iowa);
 
 Deems v Western Md. Ry. Co.,
 
 247 Md 95, 115, 231 A2d 514, 525;
 
 Thill v Modern Erecting Co.,
 
 284 Minn 508, 513, 170 NW2d 865, 869;
 
 General Elec. Co. v Bush,
 
 88 Nev 360, 367-368, 498 P2d 366, 371;
 
 Ekalo v Constructive Serv. Corp.,
 
 46 NJ 82, 92, 215 A2d 1, 6;
 
 Nicholson v Chatham Mem. Hosp.,
 
 300 NC 295, 303-304, 266 SE2d 818, 823;
 
 Butz v World Wide, Inc.,
 
 492 NW2d 88, 91 (ND);
 
 Wilson v Hasvold,
 
 86 SD 286, 293, 194 NW2d 251, 255;
 
 Moran v Quality Aluminum Casting Co.,
 
 34 Wis 2d 542, 558, 150 NW2d 137, 145;
 
 see also, Rosander v Copco Steel & Eng’g Co.,
 
 429 NE2d 990, 992 (Ind App) C"[p]erhaps the best rule * * * is to require joinder”).
 

 [3]
 

 .
 
 See, e.g., Swartz v United States Steel Corp.,
 
 293 Ala 439, 445, 304 So 2d 881, 886;
 
 Gates v Foley,
 
 247 So 2d 40, 45 (Fla);
 
 Diaz v Lilly & Co.,
 
 364 Mass 153, 161-163, 302 NE2d 555, 560-561.
 

 [4]
 

 .
 
 See, e.g., Stapleton v Palmore,
 
 250 Ga 259, 297 SE2d 270;
 
 Cline v Carthage Crushed Limestone Co.,
 
 504 SW2d 118 (Mo);
 
 Hopkins v Blanco,
 
 224 Pa Super 116, 121-123, 302 A2d 855, 858-859,
 
 affd
 
 457 Pa 90, 320 A2d 139.
 

 [5]
 

 .
 
 See, e.g., Rodriguez v Bethlehem Steel Corp., supra,
 
 12 Cal 3d, at 407, 115 Cal Rptr, at 781-782, 525 P2d, at 685-686;
 
 Kotsiris v Ling,
 
 451 SW2d 411, 412-413 (Ky);
 
 Reid v Spadone Mach. Co.,
 
 119 NH 198, 199-200, 400 A2d 54, 55;
 
 Layne v Huffman,
 
 42 Ohio St 2d 287, 289, 327 NE2d 767, 770.
 

 [6]
 

 .
 
 See, e.g., Snodgrass v General Tel. Co.,
 
 275 Ore 79, 82, 549 P2d 1120, 1121;
 
 Whittlesey v Miller,
 
 572 SW2d 665, 669 (Tex);
 
 Lund v Caple,
 
 100 Wash 2d 739, 744, 675 P2d 226, 230.