■ MICHAEL KELLY et al., Appellants, v ST. FRANCIS HOSPITAL et al., Respondents. [953 NYS2d 658]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Lally, J.), dated December 13, 2010, which granted the motion of the defendant St. Francis Hospital, and the separate motion of the defendants Harold A. Fernandez, B. Tabakin, and S.H. Berkay, to dismiss the complaint pursuant to CPLR 1021 insofar as asserted against each of them, and (2) a judgment of the same court dated January 24, 2011, which, upon the order, is in favor of all of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the judgment as is in favor of the defendants and against the plaintiff Michael Kelly dismissing the complaint insofar as asserted by that plaintiff is dismissed, without costs or disbursements, as that plaintiff is deceased and no substitution for him has been made or sought; and it is further,

Ordered that the judgment is affirmed insofar as reviewed on the appeal by the plaintiff Lori Camirand-Kelly, with one bill of costs payable by Lori Camirand-Kelly to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]), and because the plaintiff Michael Kelly is deceased and no substitution for him has been made or sought. The issues raised on the appeal by the plaintiff Lori Camirand-Kelly from the order are brought up for review and have been considered on her appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this action, which was commenced in 2007, the plaintiff Michael Kelly sought to recover damages, inter alia, for medical malpractice, and his wife, the plaintiff Lori Camirand-Kelly, asserted a derivative cause of action to recover for loss of services. Several months later, Michael Kelly died. No motion for substitution was made and, three years later, the defendant St. Francis Hospital (hereinafter the hospital) moved, and the defendants Harold A. Fernandez, B. Tabakin, and S.H. Berkay (hereinafter collectively the physicians) separately moved, to dismiss the complaint pursuant to CPLR 1021 insofar as asserted against each of them. The Supreme Court granted the motions.

This Court is without jurisdiction over so much of the appeal as concerns the dismissal of the causes of action originally asserted by Michael Kelly, inasmuch as he is deceased and no substitution for him has been made or sought (*see* CPLR 1015 [a]; 1021; *Thomas v Benedictine Hosp.*, 8 AD3d 781, 782 [2004]; *Hyman v Booth Mem. Hosp.*, 306 AD2d 438 [2003]; *Schraven v Town of Tonawanda*, 238 AD2d 952 [1997]; *cf. Giroux v Dunlop Tire Corp.*, 16 AD3d 1068, 1069 [2005]).

The only argument Camirand-Kelly offers on appeal with respect to the dismissal of her derivative claim is without merit (*cf. Sanders v New York City Hous. Auth.*, 85 AD3d 1005, 1006 [2011]; *Borruso v New York Methodist Hosp.*, 84 AD3d 1293, 1294-1295 [2011]; *Buckley v National Frgt.*, 220 AD2d 155 [1996], *affd* 90 NY2d 210 [1997]).

Camirand-Kelly's remaining contention is not properly before us (*see Brown v Huntington Med. Group*, 229 AD2d 458, 459 [1996]). Eng, P.J., Balkin, Hall and Sgroi, JJ., concur.