OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Defendant Suffolk Marketing, Inc., contracted with Motown Records Corp. for the right to market an album of recordings of a certain well-known artist. Plaintiff asserts that by oral agreement he was engaged by defendant to procure these recording rights from Motown and that his efforts brought about the licensing agreement which was ultimately reached. Defendant maintained, however, that plaintiff’s complaint should be dismissed on the basis of section 5-701 (subd a, par 10) of the General Obligations Law, which provides in pertinent part that an oral agreement is void if such agreement “[i]s a contract to pay compensation for services rendered in * * * negotiating the purchase, sale, exchange, renting or leasing of * * * a business opportunity”. The issue in this case is whether the contract between defendant and Motown involves the sale of a business opportunity within the meaning of the statute.
 

 In
 
 Freedman v Chemical Constr. Corp.
 
 (43 NY2d 260) we noted the potential pitfalls in making sweeping generalizations concerning the scope of the term “business opportunity” contained within the statute. The difficulties inherent in a judicial declaration of the ultimate scope of this statute require that these situations be approached substantially on a case-by-case basis. In the context of the present case, we conclude that the Appellate Division was correct in holding that the licensing agreement involved in this case constituted a business opportunity within the meaning of the statute and that plaintiff’s claim is barred by the Statute of Frauds.
 

 
 *866
 
 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.