■ CATALINA MEYER, Appellant, v SHEARSON LEHMAN BROTHERS, INC., et al., Respondents. [621 NYS2d 346] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about December 7, 1993, which, *inter alia,* granted the motion by defendant Shearson Lehman Brothers, Inc. ("Shearson") for summary judgment pursuant to CPLR 3212 dismissing, with prejudice, the first, fourth, fifth, seventh, eighth, tenth, eleventh, and twelfth causes of action of plaintiff's complaint against defendant Shearson and which dismissed, with prejudice, the second, third, thirteenth, fourteenth and fifteenth causes of action for failure to state a cause of action against defendant Shearson, and as against the other defendants, without prejudice to their assertion in a separate action, unanimously affirmed, with costs.

The IAS Court properly dismissed, without prejudice to their assertion in a separate action against the other defendants, plaintiff's second, third, thirteenth, fourteenth and

fifteenth causes of action, which were asserted solely against defendants, other than defendant Shearson, who were parties to neither a New York Stock Exchange arbitration, wherein Shearson was awarded $580,049.00, nor an April 30, 1991 stipulation between the plaintiff and Shearson, wherein the plaintiff specifically acknowledged the validity of the arbitration award and agreed to limit the underlying action to the parties and issues set forth in the stipulation, since the IAS Court thereby enforced the stipulation of settlement, negotiated and drafted by the parties' attorneys, as valid and binding upon the parties *(see, World Color v Collectors' Guild,* 181 AD2d 430, *lv dismissed* 80 NY2d 924).

Nor did the IAS Court err in dismissing the fourth cause of action, seeking to set aside plaintiff's 1979 settlement with Shearson, as barred by the six-year Statute of Limitations for causes of action for fraud, rescission and duress set forth in CPLR 213, since defendant Shearson presented prima facie proof establishing that the six-year Statute of Limitations had expired in July of 1985, more than six years before the commencement of the underlying action, and since the plaintiff failed to produce evidentiary proof establishing that the limitation period was tolled by its inability to discover Shearson's alleged fraud until 1992 *(see, Watts v Exxon Corp.,* 188 AD2d 74).

The fifth cause of action, wherein the plaintiff sought a fee for breach of contract to pay plaintiff a finder's fee for certain pension fund business which the plaintiff had allegedly brought to Shearson, was also properly dismissed as barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [10]), which provides in pertinent part that an oral agreement is void if it is one "to pay compensation for services rendered in * * * negotiating the purchase, sale, exchange, renting or leasing of * * * a business opportunity" *(see, Sporn v Suffolk Mktg.,* 56 NY2d 864; *Dura v Walker, Hart & Co.,* 27 NY2d 346, 348-349).

The IAS Court also properly dismissed, as barred by the one-year Statute of Limitations set forth in CPLR 215 (3), the seventh and eighth causes of action of the plaintiff's complaint, seeking damages for an alleged battery in September of 1988, which is characterized by the plaintiff as defendant Shearson's alleged failure to provide a "safe workplace", since, when applying a Statute of Limitations, courts look to the essence of the stated claim and not the label by which a plaintiff chooses to identify it and plaintiff, therefore, cannot avoid the one-year Statute of Limitations for battery merely

by labeling her complaint a cause of action for negligence or breach of contract *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264).

Nor did the IAS Court err in dismissing the tenth, eleventh and twelfth causes of action, seeking monetary damages for defendant Shearson's alleged defamation and "blackballing" of the plaintiff within the brokerage community when she sought employment therein, for the plaintiff's failure, in both the complaint and in opposing the motion for summary judgment, to lay bare her proofs and make an evidentiary showing that there exist genuine, triable issues of fact requiring a trial *(see, Oates v Marino,* 106 AD2d 289, 291-292), by setting forth the specific defamatory words complained of *(see, Pappalardo v Westchester Rockland Newspapers,* 101 AD2d 830, *affd* 64 NY2d 862), and as barred by the one-year Statute of Limitations for defamation set forth in CPLR 215 (3) *(Clark v New York Tel. Co.,* 52 AD2d 1030, *affd* 41 NY2d 1069).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ.