■ In the Matter of TUXEDO CONSERVATION AND TAXPAYERS ASSOCIATION et al., Appellants, v TOWN BOARD OF THE TOWN OF TUXEDO et al., Respondents. (Proceeding No. 1.) In the Matter of TUXEDO CONSERVATION AND TAXPAYERS ASSOCIATION et al., Appellants, v TOWN BOARD OF THE TOWN OF TUXEDO et al., Respondents. (Proceeding No. 2.) [624 NYS2d 218] —In two proceedings pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Tuxedo, dated October 14, 1992, granting concept approval for a planned integrated development, (1) the petitioners in Proceeding No. 1 appeal from a judgment of the Supreme Court, Orange County (Carey, J.), dated July 15, 1993, which, upon an order granting the respondents' separate motions to dismiss, denied the petition as time-barred and dismissed the proceeding, and (2) the petitioners in Proceeding No. 2 appeal, as limited by their brief, from so much of a judgment of the same court, dated October 12, 1993, as denied the petition as time-barred and dismissed the proceeding.

Ordered that the judgment dated July 15, 1993, is affirmed; and it is further,

Ordered that the judgment dated October 12, 1993 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent Sterling Forest Development Corporation is awarded one bill of costs.

It is conceded that the determination under review became final and binding on October 14, 1992, that the four month Statute of Limitations applies, and that, because February 14, 1993 was a Sunday, and because the following day was a

holiday, the petitioners' last day to interpose their claims was February 16, 1993 (see, CPLR 217; General Construction Law § 25-a; Matter of Scuderi v Board of Educ., 49 AD2d 942). The record demonstrates that it was not until February 19, 1993, at the earliest, that the petitioners "fil[ed] a notice of petition or order to show cause * * * with the clerk of the court in the county in which the [present] special proceeding [was] brought" (CPLR 304, as amended by L 1992, ch 216). It was not until this date that the petitioners' claims were interposed (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 306b.01).

Under the circumstances outlined above, the Supreme Court correctly granted the respondents' separate motions to dismiss the first proceeding as time-barred (see, CPLR 7804 [f]; 3211 [a] [5]). It is clear that the first proceeding was not "commenced within four months after the determination to be reviewed [became] final and binding" (CPLR 217 [1]). Also, none of the respondents was served during, or prior to, the transitional period established by the Legislature, which extended from July 1, 1992 to January 1, 1993 (L 1992, ch 216, § 27), and thus the first proceeding cannot be deemed to have been properly commenced pursuant to the "former commencement-by-service methodology" (Alexander, 1992 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:1, 1995 Pocket Part, at 42).

The Supreme Court also properly dismissed the second proceeding. Because the first proceeding was itself not timely commenced, the terms of CPLR 205 (a) do not apply so as to permit the commencement of a second proceeding for the same relief within six months of the termination of the first proceeding (see, e.g., Dreger v New York State Thruway Auth., 81 NY2d 721; Parker v Mack, 61 NY2d 114; Markoff v South Nassau Community Hosp., 61 NY2d 283). The second proceeding was thus subject to the same Statute of Limitations defense as that which was fatal to the first proceeding, and the second proceeding was properly dismissed (see, CPLR 7804 [f]; 3211 [a] [5]).

In light of this determination we need not address the respondents' alternative argument for affirmance based on their contention that "concept approval" is not a final determination amenable to review pursuant to CPLR article 78 (see, CPLR 7801 [1]). Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.