■ MURIEL S. CAMPBELL, Respondent, v COMMAND SECURITY, INC., Appellant. [628 NYS2d 775] —In an action to recover damages based on an assault and battery and false arrest, the defendant appeals from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated March 1, 1994, as denied its motion to dismiss the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion to dismiss the complaint as time-barred is granted, and the complaint is dismissed.

The plaintiff's claims accrued on November 12, 1991, and are subject to a one-year Statute of Limitations *(see,* CPLR 215 [3]; *e.g., Foley v Mobil Chem. Co.,* 214 AD2d 1003; *Meyer v Shearson Lehman Bros.,* 211 AD2d 541; *Bryden v Wilson Mem. Hosp.,* 136 AD2d 843). On October 29, 1992, the plaintiff served the Secretary of State; however, she concedes that "neither the summons and complaint nor an affidavit of service were filed". She acknowledges that this first action was automatically dismissed based on her failure to pay a filing fee on or before December 31, 1992, in accordance with L 1992, ch 216, § 27 (b).

The plaintiff then commenced a second action by filing a copy of the summons and complaint on March 29, 1993. Service on the Secretary of State was subsequently made on April 19, 1993. The defendant made a motion to dismiss this action as time-barred; the plaintiff made a cross motion for leave to file an affidavit of service "nunc pro tunc". The Supreme Court denied the defendant's motion, and denied the cross motion "as moot". We reverse the order insofar as appealed from by the defendant.

The claims contained in the plaintiff's complaint may be considered to have been timely interposed only if the provisions of CPLR 205 (a) apply so as to have afforded her a period of 6 months, measured from the date of the automatic dismissal of her first action, within which to commence her second action. However, the terms of CPLR 205 (a) apply only if the first action was itself properly commenced in a timely fashion

*(see, Dreger v New York State Thruway Auth.,* 81 NY2d 721; *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd.,* 213 AD2d 655). The plaintiff never properly commenced her first action, and the remedial provisions of CPLR 205 (a) therefore do not apply.

Effective July 1, 1992, CPLR 304 was amended so as to provide that a civil action in the Supreme Court is commenced not by the service, but rather by the filing of a summons and complaint or summons with notice (L 1992, ch 216, § 4). The plaintiff did not file a summons and complaint or summons with notice on or before November 12, 1992, the date the applicable Statute of Limitations expired.

The 1992 legislation noted above established a "transition period", which extended from July 1, 1992 to January 1, 1993. During this six-month period, an action would be deemed to have been validly commenced either in accordance with the new commencement-by-filing system or "in accordance with the law including section 306-a of the civil practice law and rules as added by chapter 166 of the laws of 1991 in effect immediately prior to the enactment of [L 1992 ch 216]" (L 1992, ch 216, § 27 [a]). The terms of CPLR 306-a as originally enacted (L 1991, ch 166) required filing within 30 days after completion of service (CPLR former 306-a [a]) but allowed for later filing with court authorization (CPLR former 306-a [c]). Here, the plaintiff's first action was automatically dismissed (L 1992, ch 216, § 27 [b]) without there having ever been any filing, either within the 30-day post-service period, or at any later time.

Pursuant to L 1992, ch 216, § 27 (a), a filing of some sort must have occurred on or prior to December 31, 1992, in order for an action to be deemed to have been validly commenced during the six-month transitional period. The filing must be shown either to have preceded service, as required under the terms of the commencement-by-filing system, or to have followed service within 30 days, or within some longer, court-approved period, so as to establish compliance with former CPLR 306-a as it existed under prior law (L 1991, ch 166). The plaintiff failed to make a filing of any kind prior to the automatic dismissal of her first action on December 31, 1992 (L 1992, ch 216, § 27 [b]). Under these circumstances, her subsequent action is not protected from the Statute of Limitations defense.

For these reasons, the defendant's motion to dismiss should have been granted. Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.