■ CAROL M. BROWN, as Executrix of KENNETH J. BROWN, Deceased, et al., Respondents, v HUNTINGTON MEDICAL GROUP et al., Defendants, and MARY C. SPAK et al., Appellant. [646 NYS2d 271] —In an action to recover damages for conscious pain and suffering and wrongful death, etc., based on medical malpractice, the defendant Mary C. Spak appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated February 7, 1995, as dismissed the complaint insofar as asserted against her on the ground that the plaintiffs lacked the legal capacity to sue, and the defendant Huntington Hospital separately appeals, as limited by its brief, from so much of the same order as denied its motion to dismiss the complaint on Statute of Limitations grounds.

Ordered that the appeal of the defendant Huntington Hospital is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the appeal of the defendant Mary C. Spak is dismissed, without costs or disbursements, as she is not aggrieved by the portion of the order appealed from (see, CPLR 5511).

The defendant Mary C. Spak is not aggrieved by the portion of the order appealed from and therefore her appeal must be dismissed. The Supreme Court, however, prematurely determined the issue of whether the complaint is time-barred and therefore we will briefly discuss that issue to guide the court in the event that a new action is commenced.

On July 29, 1994, the plaintiffs moved for leave to amend the complaint so as to add Huntington Hospital as an additional defendant and for related relief (see, CPLR 3025 [b]; 203 [f]). Huntington Hospital cross-moved to dismiss the proposed amended complaint insofar as asserted against it on the ground that the plaintiffs' causes of action were time-barred. Several codefendants then moved to dismiss the complaint on the basis that the plaintiff Carol M. Brown had not properly been appointed as executrix of the decedent's estate at the time of commencement of the action. On September 16, 1994, the defendant Mary C. Spak cross-moved for leave to amend her answer so as to assert Carol M. Brown's lack of capacity to sue (see, CPLR 3025 [b]), and to dismiss the complaint on this ground. Yet another cross motion was made by other codefendants for similar relief on October 5, 1994.

In its order, the Supreme Court denied the plaintiffs' motion, and granted the multiple cross motions "only insofar as they [sought] dismissal of the complaint". The court based its disposition on its conclusion that the plaintiff lacked the legal capacity to sue when she commenced the instant action, because Letters Testamentary had not been issued.

In our opinion, the Supreme Court went further than necessary in addressing the question of whether a hypothetical second action against Spak would be susceptible to a Statute of Limitations defense, were such a defense to be raised by Spak in any such future action. The court held that the plaintiffs could avail themselves of the six-month period set forth in CPLR 205. This statute, however, applies so as to defeat a Statute of Limitations defense in a subsequent action only in the event that certain conditions are satisfied, including the condition that the previous action, i.e., the action which was dismissed in the order now under review, was itself timely commenced (Dreger v New York State Thruway Auth., 81 NY2d 721; Campbell v Command Sec., 216 AD2d 508; Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd., 213 AD2d 655). Here, Spak did not have a complete opportunity to develop whatever record, or make whatever argument she might have had in connection with the timeliness of the commencement of the present action against her, for the simple reason that she did not make any motion to dismiss on this ground. Under these circumstances, the possible applicability of CPLR 205 to the facts of this particular matter is an issue which will not be ripe for judicial review until such time as a subsequent action is, in fact, commenced, in which Spak in fact raises a Statute of Limitations defense (e.g., Brown v Zaino, 226 AD2d 492).

For these reasons, the Supreme Court should not have addressed the merits of this issue, and the merits of this issue need not be addressed by this Court at this time. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.