■ PETER SUDARSKY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [668 NYS2d 350] —Order, Supreme Court, New York County (Norman Ryp, J.), entered February 19, 1997, which denied plaintiffs' motion for leave to file a late notice of claim and granted defendants' cross motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We decline to give the prior decision of this Court in this action (220 AD2d 353) law of the case effect as to anything other than "legal determinations that were necessarily resolved on the merits in the prior decision" (*Baldasano v Bank of N. Y.*, 199 AD2d 184, 185). As such, none of the parties' arguments on this appeal are foreclosed. Although we do not agree that the action was untimely commenced, since CPLR 203 (b) (5) (i) was applicable to Supreme Court actions during the so-called transitional period (L 1992, ch 216; *see, Campbell v Command Sec.*, 216 AD2d 508, 509), we find that a notice of claim is required for the causes of action plaintiffs assert, and that adequate notice had not been given. We decline to grant plaintiffs leave to file a late notice in the present circumstances where

there is no adequate reason for plaintiffs' "delay in taking steps to obtain permission to give late notice" (*Matter of Rios v City of New York*, 180 AD2d 801, 802) and where plaintiffs' action is without substantive merit. For the reasons stated by the Federal court in dismissing plaintiffs' prior action (*see, Sudarsky v City of New York*, 779 F Supp 287, *affd* 969 F2d 1041, *cert denied* 506 US 1084, *reh denied* 507 US 980), the challenged governmental action does not fall below a "floor of constitutional protection for property owners" (*Manocherian v Lenox Hill Hosp.*, 84 NY2d 385, 392, *cert denied* 514 US 1109). Concur—Milonas, J. P., Rubin, Tom and Mazzarelli, JJ.