ATLANTIC AVIATION INVESTMENTS LLC, Respondent, v MATLINPATTERSON GLOBAL ADVISERS LLC et al., Appellants. (And a Third-Party Action.) [938 NYS2d 64]—

Under the plain language of the parties' memorandum of understanding (MOU) and the embedded make-whole agreement, nonparty VarigLog was an "affiliate" of Volo, an indirect wholly-owned subsidiary of the MP Funds. The sale of the shares at issue was an "Exit," as expressly defined in the MOU. Under the make-whole agreement, Volo and the MP Funds are obligated to ratably share with plaintiff the funds received by

VarigLog, Volo's affiliate, in connection with the sale of shares. We find that the parties' agreements are unambiguous. Thus, there is no need to resort to extrinsic evidence to discern their meaning (see *South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]). This is so regardless of whether the make-whole agreement is carved out from the MOU's merger clause. Although the parties clearly intended for the make-whole agreement to be an interim arrangement, to be supplanted by a "definitive final agreement" upon the second closing, it is nonetheless facially complete and contains all of the essential terms of an enforceable contract.

We have considered defendants' remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Catterson, Freedman and Manzanet-Daniels, JJ.