ATLANTIC AVIATION INVESTMENTS LLC, Appellant-Respondent, v MATLINPATTERSON GLOBAL ADVISERS LLC et al., Respondents-Appellants. (And a Third-Party Action.) ATLANTIC AVIATION INVESTMENTS LLC, Respondent, v MATLINPATTERSON GLOBAL ADVISERS LLC et al., Appellants. (And a Third-Party Action.) [985 NYS2d 41]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 17, 2013, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on damages, but specifically found that plaintiff's transaction percentage was 10%, and order, same court and Justice, entered December 4, 2013, which denied defendants' motion to renew the prior order's finding that plaintiff's transaction percentage was 10%, unanimously affirmed, with costs.

This Court previously affirmed an order (the liability order) holding that defendants are obligated to ratably share with plaintiff the proceeds their affiliate, VarigLog, received for the sale of VRG (*see Atlantic Aviation Invs. LLC v MatlinPatterson Global Advisers LLC*, 92 AD3d 461 [1st Dept 2012]). Plaintiff subsequently moved for partial summary judgment on the damages owed by defendants in connection with that finding of liability. The motion court properly denied the motion on the ground that issues of fact remain as to the consideration received by VarigLog for the sale of VRG. The court's statement in the background section of the liability order as to the amount of consideration was dictum and not the law of the case (*see Sudarsky v City of New York*, 247 AD2d 206, 206 [1st Dept 1998], *appeal dismissed* 92 NY2d 845 [1998], *lv denied* 92 NY2d 815 [1998], *cert denied* 528 US 813 [1999]). Further, the evidence submitted by plaintiff failed to make a prima facie showing that the consideration actually paid was $320 million. Since the court properly denied partial summary judgment on this ground, we need not address plaintiff's contentions regarding costs and losses.

The motion court found that the amount owed to plaintiff (the transaction percentage) was 10% of the actual consideration received, rejecting defendants' argument that there was a valid basis for diluting that percentage based on plaintiff's failure to subscribe to additional loans made by defendant Volo to VRG. We hold that the court's finding as to the non-dilution of the 10% transaction percentage was correct, albeit for different reasons. Pursuant to section 1.1.1 (h) (iii) of the parties' amended memorandum of understanding (MOU), which is the only section implicated under the circumstances of this case, plaintiff's lack of subscription to the additional loans made by Volo to VRG could result in the dilution of plaintiff's transaction percentage only if the loans were "required" (i.e., requested) by VRG. There is no evidence that the loans were requested by VRG; therefore, the loans were not the type that could give rise to dilution under section 1.1.1 (h) (iii) of the MOU.

The purported new evidence and arguments offered by defendants in their motion to renew do not address whether the loans were requested by VRG, and therefore provide no basis for changing our determination (*see* CPLR 2221 [e]). Concur—Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.